IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 17-01-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| ROBERT WILLIAMS STUBBINS, | |
| Defendant. | |

Defendant Robert Williams Stubbins ("Stubbins") moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) on July 27, 2022. (Doc. 46). Stubbins also filed a Supplemental Motion for Compassionate Release on December 21, 2022. (Doc. 56). Stubbins requests that the Court reduce his sentence of incarceration to time served so that he may care for his aging mother. (Doc. 56 at 11.) Stubbins is currently serving a sentence of 120 months, or 10 years, followed by five years of supervised release: five years for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(A), and five years consecutive for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Judgment (Doc. 40.) His scheduled

1

release date is September 18, 2025. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Jan. 17, 2023). Stubbins is housed at the Texarkana FCI, a low security correctional institution in Texas. *Id.*

## A. Whether Stubbins has Demonstrated Extraordinary and Compelling Reasons.

Stubbins must demonstrate that extraordinary and compelling reasons support release or a reduction of his sentence. *United States v. Maumau*, 2020 WL 806121, at \*1 n.3 (D. Utah Feb. 18, 2020). The Court may reduce Stubbins's sentence if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (i); *see also* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(1)(A). The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant, but they are not binding. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

The guideline contemplates that a defendant's family circumstances may constitute an "extraordinary and compelling reason," including the death or incapacitation of the caregiver of the defendant's minor children or the incapacitation of the defendant's spouse or registered partner when the defendant

would be the only available caregiver for the spouse or registered partner. *See* U.S.S.G. § 1B1.13 n.1 (C)(i)–(ii). Section 3142(g) also requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . . . condition." 18 U.S.C. §§ 3142(g)(1), (3)(A).

Stubbins argues that his desire to care for his aging mother warrants a sentence reduction. (Docs. 46 & 56). Stubbins is now 45 years old. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Jan. 17, 2023). His mother, Bonnie Harper, is 71 years old, and she recently suffered from a heart attack. (Doc. 46 at 1; Doc. 56 at 11.) Ms. Harper "is not currently in urgent need of medical care," but Stubbins is concerned that "she is growing less able to care for herself as she ages." (Doc. 56 at 11.) Many courts have denied compassionate release in similar cases. See *United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (desire to help care for elderly parents is admirable but does not qualify under the application note); *United States v. Thorpe*, 2019 WL 6119214 (C.D. Ill. Nov. 18, 2019) (grandfather's ill health did not present an extraordinary circumstance); *United States v. Collins*, 2020 WL 136859 (D. Kan. Jan. 13, 2020) (husband "struggles at home and could benefit from some assistance," but is mobile and receives daily help from a nurse); *United States v. Marshall*, 2020 WL 114437 (W.D. Ky. Jan. 9, 2020) (compassionate

3

release sought on the basis of grandfather's declining health, but defendant is not the only available caregiver); *United States v. Ingram*, 2020 WL 3183698, at *2 (D. Md. June 15, 2020) (desire to care for mother, who is nearing 60 and has risk factors, is insufficient). Although commendable, Stubbins's desire to care for his aging mother who is not incapacitated does not present an extraordinary or compelling reason to reduce his sentence to time served as requested.

### B.  Section 3553(a) Factors

Any compassionate release decision must also consider the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). As such, any consideration of release should be balanced against the same § 3553(a) factors, such as deterrence, just punishment, respect for the law, and avoidance of disparity of sentencings. Those factors do not support the defendant's request for premature, permanent release.

### C.  Stubbins remains a danger to the community.

This Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG §1B1.13. The record precludes such a finding. The Missouri River Drug Task Force ("MRDTF") investigated Stubbins's armed drug dealing from November 2016 through January 2017. *See* (PSR ¶¶ 18-

30.) MRDTF observed Stubbins in possession of and selling of firearms during his drug dealing in January 2017, including two handguns, a sawed-off shotgun, a Luger 9 mm pistol, a .40 caliber pistol, a .22 caliber pistol, a chrome 9mm and a black and silver 9mm handgun, a Glock or Smith & Wesson .40 caliber pistol, a rifle, a handgun magazine, and loose ammunition. (*Id*. at ¶¶ 21–26.) Stubbins traveled, fully armed, every two to three weeks between East Helena and Salt Lake City to obtain his drug supply. (*Id*. at ¶ 28.)

Stubbins must show that he will not be a danger if released. He cannot do so. At the time of sentencing, Stubbins was a criminal history category III based on his prior convictions for misdemeanor DUI in Reidsville, North Carolina; two cases of felony retail theft in Logan, Utah; misdemeanors attempted possession/use  of a controlled substance and retail theft in Salt Lake City, Utah; felony possession or use of a controlled substance (methamphetamine) and misdemeanor obstruction of justice in Cache County, Utah; misdemeanor attempted possession/use of a controlled substance (heroin) in Salt Lake City, Utah; and misdemeanors speeding and failure to appear in Deer Lodge, Montana. (*Id*. at ¶¶ 48–54.)

Recognizing that there is a significant difference between doing well in prison and doing well in society, the Court looks to the factors set forth in 18 U.S.C. § 3142(g). Under § 3142(g), the Court must consider four factors in determining

whether the defendant might present a danger: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4). The Court is not convinced that Stubbins does not pose a danger to the safety of any other person, or the community based on a consideration of these factors.

### 1. Nature and circumstances of the charged offense.

Stubbins trafficked methamphetamine and heroin from his East Helena residence, while armed and selling firearms. He also drove to Salt Lake City on drug supply runs.

### 2. Stubbins's History and Characteristics.

Stubbins violated the conditions of his supervision in the past, including failure to attend treatment, failure to complete moral recognition therapy on two occasions, failure to report to his probation officer, and committing new law violations (felony possession of a controlled substance and misdemeanor possession of drug paraphernalia) (PSR ¶ 49); he changed residences without permission, failed

to report to his probation officer, and committed new violations including drug possession and traffic violations (*Id*. at ¶ 51); and his probation was terminated in September 2015 due to his continued noncompliance with supervision requirements. (*Id*. at ¶ 52.)

Stubbins possesses a long history of alcohol and substance abuse. He described himself as a functional alcoholic during his 20s and 30s who maintained employment but consistently consumed whiskey and beer. (*Id*. at ¶ 86.) He attended treatment in 2014 to stop drinking because it began to take a toll on his health and caused him legal problems. (*Id*. at ¶¶ 86–87.) Stubbins began using methamphetamine in 2014, instead of alcohol, and his troubles with the legal system increased. (*Id*. at ¶ 86.) Prior to his arrest, Stubbins used methamphetamine daily, approximately one-quarter gram per day. (*Id*. at ¶ 88.) He last used methamphetamine on the date of his arrest. (*Id*.) Stubbins began using heroin in 2016. (*Id*.) He last used heroin on the date of his arrest, and he used less than one-quarter gram of heroin per day. (*Id*.)

### 3. Nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Stubbins expressed a willingness to "engage in any treatment program that is offered to him," (*Id*. at ¶ 90), and is presently on the waiting list for a 40-day

addiction treatment program. (Doc. 56 at 11.) The Court commends Stubbins on his completion of auto mechanic classes, as well as college courses with the intention to obtain an associate degree while incarcerated. (Doc. 56 at 11 & Doc. 46.) Stubbins's pursuit of treatment programming, vocational training, and college courses while serving his term of incarceration addresses the needs to "protect the public" and to "provide the defendant with needed education or vocational training" and "other correctional treatment." § 3553(a)(2)(C), (a)(2)(D). The standard for compassionate release is not whether someone has performed well in prison. "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *See* USSG § 1B1.13 app. note 3. Stubbins presents no additional facts that meaningfully shift the balance of the § 3142(g) factors in his favor.

### D.  Conclusion

Considering all the relevant circumstances, Stubbins does not make a sufficient showing of an extraordinary and compelling circumstance. Reducing his sentence to time served would not be appropriate.

Accordingly, **IT IS ORDERED** Stubbins's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 46 & 56) are **DENIED**.

DATED this 18th day of January, 2023.


_____

Brian Morris, Chief District Judge
United States District Court